## STATE, Appellant, v. SPENCER, Respondent.

### (157 N. W. 662.)

(File No. 3966.　Opinion filed May 1, 1916.　Rehearing denied
July 10, 1916.)

1. **Criminal Law—Order Sustaining Demurrer—Appeal from Order—
Statute.**

   Under Code Crim. Proc., Sec. 483, providing that there must
be a judgment on a demurrer before an appeal can be taken,
no appeal lies from an order sustaining a demurrer to an in-
formation; hence the question whether, under Sec. 484, the
appeal, not having been taken within 60 days after the entry
of order sustaining demurrer, was too late, does not arise.

2. **Indictment and Information—Order Sustaining Demurrer—Order
as Judgment—Statute.**

   Under Code Cr. Proc., Sec. 275, providing that upon consid-
ering a demurrer the court must give judgment either sustain-
ing or overruling it, and that an order to that effect must be
entered upon the minutes, held, that an order sustaining a de-
murrer to a criminal information was, so far as it ordered the
sustaining of the demurrer, a judgment; it being unnecessary
for the court, in making an order sustaining a demurrer, to
have designated such writing a judgment, or to have used
therein the word "adjudge."

3. **Criminal Law—Demurrer to Information—"Final" Judgment on
Demurrer—Right of Appeal by State—Statute.**

   Under Code Cr. Proc., Sec. 276, as amended by Laws 1913,
Ch. 242, providing that if a demurrer be sustained, the judg-
ment is final and is a bar to another prosecution for the same
offense, except that where the court is of the opinion that the
objection on which the demurrer is sustained may be avoided in
a new indictment or information, he shall direct the case to be
re-submitted to the same or another grand jury, or a new
information to be filed, held, that the state, having excepted
to the ruling, had a right of appeal, regardless of whether it
might have had the right to present a new information.

4. **Embezzlement—Trust Money—Possession of Money by Defendant
—Sufficiency of Information.**

   An information alleging that defendant embezzled and ap-
propriated to his own use certain money, the property of an-
other, although containing no direct allegation that the money
was trust money, or that it was ever in the possession of
defendant, but containing allegations setting forth the entrus-
ing of a certain note to defendant for a certain purpose, and
alleging that the money embezzled was the proceeds of such
note, was, although falling short of being a model pleading,
sufficient to apprise defendant that he is charged with having

appropriated certain moneys belonging to another, which money came into his hands as trustee for such other.

Appeal from Circuit Court, Butte County. HON. JAMES McNENNY, Judge.

The defendant, Edward J. Spencer, was informed against for embezzlement. From a judgment sustaining a demurrer to the information, the state appeals. Reversed.

*Clarence C. Caldwell,* Attorney General, and *Byron S. Payne,* Assistant Attorney General, for the state.

*George Williams,* and *W. G. Rice,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Code Cr. Proc., Sec. 483.

(2) Under point two of the opinion, Appellant cited: Ex parte Williams, 116 Cal. 512, 48 Pac. 499; Ex parte Hayter, 16 Cal. App. 211, 116 Pac. 370; State v. Crook, 16 Utah, 512, 51 Pac. 1091; Code Cr. Proc., Sec. 276, 483, Subd. 1, 2; Sec. 484; People v. Jordan, 65 Cal. 644, 4 Pac. 683.

(3) Under point three of the opinion, Appellant cited Code Cr. Proc., Sec. 276; Ex parte Hayter, 16 Cal. App. 211, 116 Pac. 370.

(4) To point four of the opinion, Appellant cited: Com. v. Butterick, 100 Mass. 1; Peo. v. Goodrich, 142 Cal. 216, 75 Pac. 796; Goodwyn v. State (Tex.) 64 S. W. 251; Pen. Code, Secs. 622, 624; 15 Cyc. 511; People v. Page, 116 Cal. 386, 48 Pac. 326, Sec. 1611, Civ. Code; Laws 1913, Ch. 242; State v. Morse, 35 S. D. 18, 150 N. W. 293; Peo. v. Hanaw, 107 Mich. 337, 65 N. W. 231; State v. Kortgaard, 62 Minn. 7, 64 N. W. 51; Com. v. Bennett, 118 Mass. 443; Code Cr. Proc., Sec. 230.

Respondent cited: Pen. Code, Secs. 624, 621; Commonwealth v. Butterick, 100 Mass. 1.

WHITING, J. [1] Defendant interposed a demurrer to a criminal information. The demurrer was sustained. The trial court made and entered an order or judgment which, after reciting introductory matters, reads:

"It is by the court ordered that said demurrer be, and the same is hereby, sustained, and the defendant is held to answer any new information which may be filed herein, and the bond heretofore given is continued in force, and the defendant is released thereon."

The state has attempted to appeal from such order or judgment. The notice of appeal recites that the appeal is "from the order made and entered in this action on the 10th day of November, A. D. 1915, sustaining defendant's demurrer." Respondent contends that this court has acquired no jurisdiction; because, as stands conceded, such appeal was not taken within 60 days after the "order" appealed from was entered. Section 484, Code Crim. Proc., provides that appeals from orders must be taken within 60 days after the order is made. Respondent apparently overlooks the fact that, if the instrument appealed from was an order, no appeal lies therefrom. Under the express provisions of section 483, Code Crim. Proc., there must be a judgment on a demurrer before appeal can be taken.

[2]   To avoid the contention that the appeal was not timely, but apparently overlooking that no appeal could ever be taken if the writing was but an order, the appellant now contends that what it called an "order" in its notice of appeal was, in fact, a judgment. Respondent makes no claim that he was misled by the use of the word "order" in such notice, and it is clear that both parties understood from what the attempted appeal was taken. Was such writing an order or a judgment? Section 275, Code Crim. Proc., provides:

"Sec. 275. Upon considering the demurrer, the court must give judgment either sustaining or overruling it, and an order to that effect must be entered upon the minutes."

We are of the opinion that this writing, made and entered by the court, was, so far as it ordered the sustaining of the demurrer, a judgment under section 275. We do not believe it necessary for the court to have designated such writing a judgment or to have used therein the word "adjudge."

[3]   Section 276, Code Crim. Proc., as amended by chapter 242, Laws 1913, provides:

"Sec. 276. If the demurrer be sustained, the judgment is final and is a bar to another prosecution for the same offense, except that where the court is of the opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, he shall direct the case to be resubmitted to the same or another grand jury, or a new information to be filed."

Upon oral argument there was much discussion as to whether this writing was a "final" judgment, owing to the fact that the words relating to a new information were permissive, and not directory. With that question we have no concern at this time. The demurrer was sustained, and the record shows that the state excepted to the ruling. Having excepted to such ruling, the state had a right of appeal, regardless of whether it might have had the right to present a new information. People v. Lee, 107 Cal. 477, 40 Pac. 754. The effect of this judgment if it remains unreversed is immaterial at this time. The motion to dismiss the appeal is denied.

[4] Did the trial court err in sustaining the demurrer? The demurrer questioned the sufficiency of the facts pleaded to constitue a criminal offense. The information purports to charge respondent with the embezzlement of a sum of money. It falls far short of being a model of pleading. It contains much in the nature of allegations of evidentiary matters, and omits two express allegations that would have removed any doubt as to its sufficiency. It expressly alleges that respondent embezzled and appropriated to his own use certain alleged money, the property of another; but there is no direct allegation that the money was trust money, or that it was ever in the possession of respondent. The information contains very lengthy allegations setting forth the intrusting of a certain note to the respondent for a certain purpose and alleging that the money embezzled was the proceeds of such note. It would certainly have made a better pleading to have omitted all allegations as to how the money became trust money, and to have simply alleged that such money was a trust, and it would have been better to have directly alleged, rather than to leave to any inference, howsoever strong, that the money came into the possession of respondent; but we think there is sufficient in the information to apprise the respondent that he is charged with having appropriated certain moneys belonging to another, which money had come into his hands as trustee for such other. Considerable was said both in briefs and in oral argument touching matters of proof. With that we are not interested at the present. Confessing, as the demurrer does, all the facts that are expressly alleged or that must be inferred from

facts alleged, it confesses facts sufficient to constitute the crime
of embezzlement.

The judgment appealed from is reversed.