No. 87-564

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

GERALD ROY ONSTAD,

Defendant and Appellant.

APPEAL FROM: District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James W. Spangelo, Havre, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Clay R. Smith, Asst. Atty. General, Helena, Montana
David G. Rice, County Attorney, Havre, Montana

Submitted On Briefs:   Oct. 13, 1988

Decided: November 17, 1988

FILED

'88 NOV 17 AM 10 57

CLERK
MONTANA SUPREME COURT

Filed:

_Ethel M. Harrison_

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Appellant, Gerald Roy Onstad, appeals an order of the Twelfth Judicial District Court, Hill County, reinstating an information charging Onstad with burglary and theft, and his subsequent conviction and sentence on the information. We reverse.

Onstad was arrested on December 9, 1985, for the burglary of and theft from a residence in Box Elder, Montana. An information charging him with the crimes was filed on December 12, 1985. Onstad entered a plea of not guilty to the charges on January 22, 1986. A motion to dismiss for lack of jurisdiction was filed on May 19, 1986, alleging that Onstad was an enrolled member of the Turtle Mountain Band of Chippewa Indians, that he was charged with a "major crime," and that the crime occurred in "Indian Country" or in a "Dependent Indian Community." For these reasons, Onstad contended jurisdiction was properly in the federal courts. A brief supporting these contentions was also filed at that time.

Shortly thereafter, the county attorney encountered appellant's attorney in the hall of the county courthouse and informed him the response to the motion to dismiss would take more time, to which the reply was "okay." However, no notice to this effect was made to the court and on June 3, 1986, no responding brief having been submitted, the District Court Judge found the challenge to jurisdiction well-taken and dismissed the information and the charges. The order of dismissal was filed, but through oversight, the order was not served on the attorneys.

On July 16, 1986, the county attorney filed a memo in opposition addressing the jurisdiction issue. On July 31,

1986, Onstad's attorney filed a reply brief and on August 5, 1986, the county attorney filed a "Motion to Set Aside Order of Dismissal." However, the time for appealing the District Court order of dismissal had expired on August 2, 1986. A hearing on the motion was held August 11, 1986, and the court granted the motion on September 10, 1986, reinstating the information.

Onstad was subsequently convicted and sentenced to five years imprisonment, with all five years suspended. The suspension of the sentence has since been revoked by the court for violation of the conditions attached to the suspension.

Appellant presents the following issues on appeal:

1. Did the District Court have jurisdiction to reinstate the information on September 10, 1986, after having dismissed it on June 3, 1986, and if so were Onstad's double jeopardy rights violated?

2. Is the situs of the alleged crime Indian Country because of congressional action?

3. Is the situs of the alleged crime Indian Country because it is a Dependent Indian Community?

It is the appellant's first contention that the District Court, having entered its order dismissing the information, was without jurisdiction to change the order. The District Court, with one exception, properly dismissed the information based upon the record before the court. The motion was properly made, briefed, and on its face contended a lack of jurisdiction in the District Court. Rule No. II of the Uniform District Court Rules, then in effect, provides an adverse party shall have ten days from the filing of the movant's brief to serve and file an answer brief. Further, failure to file a brief by either party:

3

> [W]ithin the prescribed time shall subject [the] motion to summary ruling, . . . and such failure to file a brief by the adverse party shall be deemed an admission that in the opinion of counsel, the motion is well-taken.

Rule No. II(1), Montana Uniform District Court Rules. When a party allows the time for filing a brief to lapse, the Uniform District Court Rules provide the clerk shall, "on the Monday . . . next following the lapse of the time of either party for the filing of a brief, present such motion to the Court for decision."

The same Uniform District Court Rule in part 2 provides "[e]xtensions of time for filing briefs . . . may be granted on oral application . . . " However, the court must be notified by counsel of the desire or need for an extension before one may be granted. This was not done in this case and the court properly dismissed the information.

The order dismissing the case issued on June 3, 1986, and the clerk filed the order on that date. Upon the filing of the order dismissing the information the order became a final judgment and was appealable. See, State v. Enfinger (Mont. 1986), 722 P.2d 1170, 43 St.Rep. 1403; State v. Wirtala (Mont. 1988), 752 P.2d 177, 45 St.Rep. 596; and State v. Spencer (S.D. 1916), 157 N.W. 662.

Sections 46-13-106 and 46-13-201, MCA, deal with the effect granting a motion to dismiss has on an information. Section 46-13-106, MCA, provides:

> If the court directs the action to be dismissed, the defendant must, if in custody, be discharged therefrom or, if admitted to bail, have his bail exonerated or money deposited instead of bail refunded to him. However, if the court grants a motion to dismiss based on a defect in the institution of the prosecution or in the indictment,

4

> information, or complaint, or if it appears at any time before judgment that a mistake has been made in charging the proper offense, the court may also order that the defendant be held in custody or that his bail be continued for a specified time pending the filing of a new complaint, indictment, or information.

This statute implies that the dismissed information is no longer effective against the defendant, though the court may retain custody over the defendant pending the filing of a _new_ information. The statute does not provide for reinstatement of the dismissed information.

Therefore, a valid information did not exist under which the defendant could be tried, and defendant's subsequent trial, conviction and sentence under the reinstated information is invalid.

We note the State contends the court could reinstate the information as a nunc pro tunc correction of the record. While a District Court may correct clerical errors to make the record speak the truth as to what was actually decided, the court may not change what was originally intended. State v. Owens (Mont. 1988), 748 P.2d 473-474, 45 St.Rep. 89, 91. The reinstatement of the information was a reversal of the court's decision on the motion to dismiss and is not permissible.

It is the general rule, that the granting of a motion to dismiss for defects in the indictment, information or complaint does not bar the prosecution from instituting a new complaint, indictment or information on the same offense. Section 46-13-106, MCA. However, as this Court has equated a motion for dismissal under § 46-13-106, MCA, to a "dismissal at instance of court or prosecution" under § 46-13-201, MCA, subsection (3) of that section will apply. State v. Roll

5

(1983), 206 Mont. 259, 670 P.2d 566, 568. Section 46-13-201(3), MCA, provides that "dismissal of an action as provided in this chapter is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony."

Reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices