No. 93-572

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA, ex rel.
JOHN C. TORRES,

      Petitioner,

-v-

MONTANA EIGHTH JUDICIAL DISTRICT
COURT, CASCADE COUNTY, and THE
HONORABLE JOHN M. McCARVEL,
Presiding Judge,

      Respondent.

**FILED**

JUL 6 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Stephen E. Hagerman & Marvin Anderson, Great Falls,
Montana

    For Respondent:

        Michael Fanning, Deputy Cascade County Attorney,
Great Falls, Montana

Original Proceeding Submitted:  May 26, 1994

Decided:  July 6, 1994

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

BACKGROUND

This is an original proceeding. On February 9, 1993, John C. Torres, a/k/a John C. Hess, (Torres or the defendant) was charged by information in the Eighth Judicial District Court, Cascade County, with one count of Negligent Homicide, a felony, in violation of § 45-5-104(1), MCA, (1991), alleged to have been committed on or about June 20, 1992. On February 23, 1993, Torres entered his plea of not guilty and, by counsel, filed his Motion to Dismiss With Prejudice and a supporting brief. The grounds for his motion are not pertinent to our decision here. On March 5, 1993, the State filed its brief in answer to Torres' motion, and after arguments on March 25, 1993, the District Court orally denied Torres' motion, and filed its written order to that effect on April 2, 1993.

Torres, subsequently, on August 30, 1993, filed various other pretrial motions with a supporting memorandum. Included in his motions were five additional motions to dismiss based on alleged violations of the year and day rule, destruction of evidence, violation of equal protection and due process, double jeopardy and the interests of justice. Again, for purposes of this opinion, we are not concerned with the underlying merits of Torres' motions. On September 8, 1993, Torres filed additional pretrial motions, including another motion to dismiss alleging outrageous government conduct on the part of the prosecution. The State did not file any written response to Torres' pretrial motions filed August 30, 1993, or September 8, 1993, until November 16, 1993, when it responded in writing to the motions filed September 8, 1993.

2

The record indicates that a hearing on Torres' motions was held on September 9, 1993, and that the District Court dismissed defendant's motion to suppress and took his other motions under advisement.

On September 10, 1993, the District Court entered its written order setting forth various facts underlying the Negligent Homicide charge and the procedural history of not only that charge, but of a related charge of DUI to which Torres had entered a plea of guilty in Justice Court and on which he had been sentenced to and had served jail time, all prior to the filing of the Negligent Homicide charge. The District Court concluded that Torres' state and federal constitutional rights to due process and fundamental fairness had been violated (1) by the State filing the Negligent Homicide charge; (2) because of outrageous government conduct (the court concluded that the prosecution had directed one of its potential witnesses, a highway patrolman, to cancel an appointment with defense counsel and to not talk with the defense without the prosecutor being present); (3) because the State failed to give adequate notice of its intention to introduce hospital medical records of the defendant's blood alcohol level (his blood sample submitted to the State Crime Lab had been compromised); (4) because the court found "serious questions" about the cause of death of the victim due to evidence being destroyed; (5) because of the late filing of the State's "Just" notice; and (6) under § 46-13-401, MCA, in furtherance of justice.

Following its "Judicial Conclusions" the District Court entered the following order: "Based upon the foregoing Conclusions, it is hereby ordered that this case is dismissed with prejudice."

3

(Emphasis added).

On September 16, 1993, the State filed its Motion to Reconsider and Memorandum in Support alleging factual and legal errors in the District Court's September 10, 1993, order of dismissal. The prosecution, concluding that the court's order was based on findings of fact for which there was no evidence and that the court was led into error by assertions of the defense, requested that the District Court "... vacate its ruling and order a rehearing on the defendant's motions."

On September 20, 1993, the State filed its Motion for Expedited Hearing on its Motion to Reconsider, and on September 21, 1993, the District Court entered its Order Setting Hearing. In that order, the court set an omnibus hearing and, without any explanation, rescinded its previous order of September 10, 1993, dismissing the case with prejudice.

On November 17, 1993, Torres filed in this Court his Application for Writ of Supervisory Control or Other Appropriate Writ and Supporting Memorandum alleging that the District Court was without jurisdiction to rescind its order of dismissal with prejudice and that he should not have to stand trial. On January 20, 1994, after ordering and reviewing a response from the State, we assumed jurisdiction and ordered the parties to submit briefs on the following issue:

> Whether or not the District Court has the jurisdiction to rescind its order dismissing the information with prejudice and thereby reinstating the charge.

This case, having been deemed submitted on the parties' briefs, is now ready for decision. Upon completion of our review we hold that the District Court was without jurisdiction to rescind

4

its order dismissing the information with prejudice and, accordingly, we issue a writ of supervisory control and remand this case to the District Court with instructions that it enter an order vacating its September 21, 1993, order and reinstating its September 10, 1993, order dismissing the information against Torres with prejudice.

## DISCUSSION

### I.

At the outset, we note that in its brief the Cascade County Attorney's office changed the statement of the issue that we ordered briefed and, in addition to addressing Torres' legal arguments, included in its briefs a lengthy recitation of alleged facts not pertinent to the legal question at issue, along with arguments not relevant to that legal question. We admonish counsel that such tactics simply waste the time of this Court and opposing counsel, add nothing to the merits and presentation of one's case, delay our decision and may result in rejection of the offending brief.

### II.

It is necessary that we also briefly address the appropriateness of our exercise of supervisory control in this case. The exercise of supervisory control by this Court is authorized by Article VII, Section 2(2) of the Montana Constitution and by Rule 17(a), M.R.App.P. Supervisory control, being an extraordinary remedy, we are extremely reluctant to entertain such proceedings, especially where our acceptance of jurisdiction will interfere with the trial of the underlying case on the merits and where the defendant has an adequate remedy of appeal. State ex

5

rel. O'Sullivan v. District Court (1946), 119 Mont. 429, 431-432, 175 P.2d 763, 764.

We have also held, however, that supervisory control is appropriate where the district court is proceeding under a mistake of law and, in so doing, is causing a gross injustice, State ex rel. Forsyth v. District Court (1985), 216 Mont. 480, 484, 701 P.2d 1346, 1348; State ex rel. Fitzgerald v. District Court (1985), 217 Mont. 106, 114, 703 P.2d 148, 153-154, and where, as here, requiring the defendant to stand trial would result in unnecessary expenditures of time and resources. State ex rel. Fletcher v. District Court (1993), 260 Mont. 410, 414, 859 P.2d 992, 994; State ex rel. First Bank System v. District Court (1989), 240 Mont. 77, 84, 782 P.2d 1260, 1264.

It is fundamentally unfair and prejudicial, not to mention a waste of the taxpayers' money and the limited time and resources of the court and counsel, to force a defendant in a criminal case to stand trial when the court does not have jurisdiction to hear the case.

Having concluded that, once it dismissed the information against the defendant with prejudice, the District Court here was without jurisdiction to reinstate the information. We therefore, also conclude, that it is appropriate that we assume jurisdiction of this case and exercise original jurisdiction under a writ of supervisory control in order to forestall a needless and expensive trial.

III.

Citing State v. Porter (1964), 143 Mont. 528, 391 P.2d 704, and other prior and more recent cases in accord, Torres argues that

6

the District Court lost jurisdiction to reinstate the information in this case because of the doctrine that once a valid sentence has been pronounced, the court loses jurisdiction to vacate or modify the sentence, except as otherwise provided by statute. Torres also argues that our decision in State v. Onstad (1988), 234 Mont. 487, 764 P.2d 473, is dispositive.

The State argues that Onstad was wrongly decided since it applied the case law on final judgments to "simple orders." Further, the State maintains that Onstad is no longer valid authority because the statutory language upon which our decision was based has been subsequently modified by the legislature.

We believe that the rationale expressed in Onstad is still valid, and, accordingly, it is necessary that we address our decision in that case.

In Onstad, an information was filed charging the defendant with various felonies. The defense filed a motion to dismiss for lack of jurisdiction along with a supporting brief based on the defendant being a member of an Indian tribe. While counsel had informally agreed that the State would have additional time in which to file its brief, the court was not made aware of that fact, and, in due course, no answer brief being submitted, the district court dismissed the information and charges. Our opinion does not indicate whether the dismissal was with or without prejudice. Through oversight, the court's order was not served on counsel, but, subsequently, the county attorney learned of the order and filed his memorandum addressing the jurisdictional issue and a motion to set aside the court's order of dismissal. The time for appealing the order of dismissal having expired, the court held a

7

hearing, granted the State's motion and entered an order reinstating the information. The defendant was then tried, convicted and sentenced. Onstad, 764 P.2d at 474.

On appeal, we addressed the jurisdiction of the district court to reinstate the information after having dismissed it. There being no responsive brief from the State on file as required by Rule II of the Uniform District Court Rules then in effect at the time the court entered its order of dismissal, we concluded that the district court properly dismissed the information on the grounds raised by the defendant, and we held that, upon filing the order dismissing the information, that order became final and was appealable. Onstad, 764 P.2d at 475, citing, State v. Enfinger (1986), 222 Mont. 438, 722 P.2d 1170; State v. Wirtala (1988), 231 Mont. 264, 752 P.2d 177; and State v. Spencer (1916), 37 S.D. 219, 157 N.W. 662.

As pointed out by the State, we did not distinguish in Onstad, between an order of dismissal and a judgment, and we cited cases in which a judgment had been entered. Under §§ 46-1-202(11), MCA, (1991), and 46-1-202(10), MCA, (1993), a judgment is:

> ...an adjudication by a court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court.

The order of dismissal in the instant case (and in Onstad) is not the same thing as a "judgment" as defined by our code of criminal procedure since the order did not adjudicate guilt. Accordingly, to equate a judgment in a criminal case with an order which does not adjudicate guilt, is not technically correct. For purposes of resolving the issue raised in this case, however, that distinction is more of academic interest than of substantive

8

import.

What is critical here is that the District Court dismissed the information against Torres "with prejudice." The technical distinction between such an order of dismissal and a judgment aside, we have held that:

> The term "with prejudice" as used in a judgment of dismissal has a well-recognized legal import. It is the converse of the term "without prejudice," and a judgment or decree of dismissal with prejudice is as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff. (Citation omitted.)
>
> The terms "with prejudice" and "without prejudice" have been recognized as having reference to, and being determinative of, the right to bring a future action. (Citation omitted.)

Schuster v. Northern Co. (1953), 127 Mont. 39, 45, 257 P.2d 249, 252.

Accordingly, an order of dismissal "with prejudice" in a criminal case, while not technically a judgment as that term is defined in our code of criminal procedure, nevertheless, acts as a final adjudication of the case and is as conclusive of the rights of the parties as is a final judgment. Hence, our statement in Onstad that "[u]pon the filing of the order dismissing the information the order became a final judgment and was appealable," remains, for all intents and purposes, a correct statement of the law.

Moreover, in Onstad we concluded that § 46-13-106, MCA, (1985), implied that the dismissed information is no longer effective against the defendant though the court may retain custody over the defendant pending the filing of a new information; that the statute did not provide for reinstatement of the dismissed information; and that, since a valid information did not exist

9

under which the defendant could be tried, his subsequent trial, conviction and sentence under the reinstated information is invalid. Onstad, 762 P.2d at 475.

Section 46-13-106, MCA, (1985), referred to in Onstad, provided that:

> **Effect of order of dismissal.** If the court directs the action to be dismissed, the defendant must, if in custody, be discharged therefrom or, if admitted to bail, have his bail exonerated or money deposited instead of bail refunded to him. However, if the court grants a motion to dismiss based on a defect in the institution of the prosecution or in the indictment, information, or complaint or if it appears at any time before judgment that a mistake has been made in charging the proper offense, the court may also order that the defendant be held in custody or that his bail be continued for a specified time pending the filing of a new complaint, indictment, or information.

That section has since been amended, is now renumbered § 46-13-402, MCA, in both the 1991 and 1993 codes and provides that:

> **Effect of order to dismiss.** If the court directs the action to be dismissed, the defendant must, if in custody, be discharged and, if admitted to bail, have bail exonerated or money deposited instead of bail refunded to the defendant.

Importantly, the first sentences of each statute are virtually identical, and we conclude that, based upon that language, our reasoning in Onstad remains correct. The dismissed information is no longer effective against the defendant, and the statute does not provide for reinstatement of the dismissed information. Onstad, 764 P.2d at 475.

Furthermore, as we pointed out in Onstad, while a district court may correct clerical errors to make the record speak the truth of what was actually decided, the court may not change what was originally intended. Citing State v. Owens (1988), 230 Mont. 135, 138, 748 P.2d 473, 474. "The reinstatement of the information

10

was a reversal of the court's decision on the motion to dismiss and is not permissible." Onstad, 764 P.2d at 475. The same is true in the instant case.

Under § 46-20-103(2)(a), MCA, the State can appeal the dismissal of a case. Here, on the District Court's dismissal of the information with prejudice on motion of the defendant, the appropriate remedy for the State was to appeal, not to request reconsideration of the court's order. Onstad, 764 P.2d at 475.

We hold that, having dismissed the information against Torres "with prejudice," the District Court was without jurisdiction to rescind its order of dismissal and to reinstate the information. Accordingly, we remand this case to the District Court for entry of an order vacating its September 21, 1993, order and for entry of an order reinstating its September 10, 1993, order dismissing with prejudice the information filed against Torres.

REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

11

July 6, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Stephen E. Hagerman & Marvin Anderson
Attorneys at Law
600 Central Plaza, Suite 316
Great Falls, MT 59401

Michael Fanning
Deputy County Attorney
Cascade County Courthouse
Great Falls, MT 59401

Hon. Joseph P. Mazurek
Attorney General
Justice Building
Helena, MT 59620

Hon. John M. McCarvel
Cascade County Courthouse
Great Falls, MT 59401

ED SMITH
CLERK OF THE

SUPREME COURT

STATE    OF

MONTANA

BY: _____
                    Deputy