DA 07-0215

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 114

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

EDWARD CHARLES CONDO,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Silver Bow, Cause No. DC 2006-027
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender, Shannon McDonald, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

          Robert M. McCarthy, Silver Bow County Attorney, Samm Cox, Deputy
County Attorney, Butte, Montana

Submitted on Briefs:  February 20, 2008

Decided:  April 8, 2008

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Edward Charles Condo (Condo) appeals his conviction for negligent vehicular assault in the Second Judicial District Court. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 On January 7, 2006, Condo, his brother Mike, and his stepfather, David Folland, were consuming alcohol at the Corner Bar in Butte, Montana. Folland became very intoxicated and was kicked out of the Corner Bar. Condo and his brother helped Folland out of the bar and into the street. Condo then got into his car, backed out of his parking spot and accidentally struck Folland. Folland was knocked to the ground and was injured. Condo then drove a short distance west on Gold Street in Butte and parked his car in a nearby vacant lot.

¶3 Shortly thereafter, law enforcement in Butte received a report of a vehicle-pedestrian accident in the vicinity of the Corner Bar. When they arrived on the scene, they found Folland was being treated by ambulance personnel and was lying on the ground, bleeding and unresponsive. Folland was hospitalized at Saint Patrick's Hospital, and later recovered from his injuries.

¶4 When officers arrived on the scene they found Condo and his brother, Mike. They were both detained by law enforcement officials, and properly advised of their constitutional rights. After questioning them and other witnesses, law enforcement officials determined the circumstances under which Condo had struck Folland with his vehicle. After waiving his constitutional rights, Condo admitted to law enforcement officers that he had struck Folland, but stated that it was an accident. Officers noticed

2

that Condo appeared intoxicated and conducted sobriety tests. The results indicated Condo was under the influence of alcohol. Condo then agreed to give a breath sample and the results of that test indicated a blood alcohol content level of .127.

¶5 On January 9, 2006, Condo was charged in Butte City Court with several misdemeanors stemming from these events, including driving under the influence (DUI), second offense, in violation of § 61-8-401(1)(a), MCA. Condo pled guilty to the DUI charge and was ordered to pay a fine and serve ninety days in jail. On February 13, 2006, Condo was also charged in District Court with negligent vehicular assault, a felony, in violation of § 45-5-205(1) and (3), MCA.

¶6 On May 9, 2006, Condo filed a motion to dismiss the negligent vehicular assault charge in District Court. Condo argued that his guilty plea to DUI in Butte City Court prohibited him from being charged in District Court with negligent vehicular assault, as doing so would violate his right against double jeopardy prosecutions under Article II, Section 25 of the Montana Constitution. The District Court, relying on *State ex. Rel Booth v. Mont. Twenty-First Jud. Dist.*, 1998 MT 344, 292 Mont. 371, 972 P.2d 325, denied the motion, concluding that prosecution of the negligent vehicular assault charge did not violate Condo's right against double jeopardy prosecutions.

¶7 On October 24, 2006, Condo pled guilty to the negligent vehicular assault charge, and received a deferred imposition of sentence of three years subject to a number of conditions. In entering this plea, Condo reserved his right to appeal the denial of his motion to dismiss. This appeal follows.

**ISSUE**

3

¶8     We state the issue on appeal as follows: *Did the District Court err in denying Condo's motion to dismiss?*

## STANDARD OF REVIEW

¶9     "A district court's denial of a motion to dismiss criminal charges is a matter of law which we review *de novo*, determining only whether the court correctly interpreted the law." *Booth*, ¶ 10 (citing *State v. Bowles*, 284 Mont. 490, 492, 947 P.2d 52, 53 (1997)).

## DISCUSSION

¶10     The District Court based its decision to deny Condo's motion to dismiss on its reading of *Booth* and the statutes in Montana which provide protection against double jeopardy prosecutions. The District Court explained that § 46-11-503, MCA, provides for protection against double jeopardy by barring prosecutions for two or more offenses based on the same transaction when both offenses "are known to the prosecutor, are supported by probable cause, and are consummated prior to the original charge and jurisdiction and venue of the offenses lie in a single court . . . ." Section 46-11-503(1), MCA. The District Court noted that under § 3-5-302(2)(a), MCA, district courts have original concurrent jurisdiction with justice courts over "misdemeanors arising at the same time as and out of the same transaction as a felony or misdemeanor offense [which is] charged in District Court." Furthermore, the District Court observed that § 46-1-202(23), MCA, defines "same transaction" as "conduct consisting of a series of acts or omissions that are motivated by: (a) a purpose to accomplish a criminal objective and that are necessary or incidental to the accomplishment of that objective . . . ."

4

¶11 The District Court asserted that under *Booth*, the DUI and negligent vehicular assault charges cannot be considered to be arising from the "same transaction" because they do not both encompass the same criminal objective. The District Court noted that DUI is an absolute liability offense, requiring no mental state. Negligent vehicular assault, on the other hand, requires a person to negligently assault another with a vehicle while under the influence. As explained by the District Court:

> Although to be charged with Negligent Vehicular Assault, one must be under the influence of alcohol, both instances do not possess the same purpose of accomplishing the same criminal objective; thus, statutorily it is not considered to be the same transaction. . . . Thus, coming to the same conclusion as in the *Booth* case, the DUI and Negligent Vehicular Assault did not arise out of the same transaction resulting in the District Court not having concurrent jurisdiction with the Justice Court. As a result, the single court requirement in § 46-11-503(1) . . . is not satisfied, and the prosecution for the Negligent Vehicular Assault is not barred.

¶12 Condo argues the District Court erred in denying his motion to dismiss. On the one hand, Condo maintains that our interpretation of the term "same transaction" in *Booth* was erroneous. Condo essentially urges us to adopt Justice Trieweiler's dissent in *Booth* and hold that the bar against prosecutions arising from the "same transaction" in § 46-11-503(1), MCA, applies to "prohibit serial prosecutions for conduct arising out of the same incident . . . ." *Booth*, ¶ 41 (Trieweiler, J., dissenting). Condo argues our definition in *Booth* of the phrase "same transaction" in the double jeopardy context is not supported by the statutes and should not be followed in this case.

¶13 We agree with the District Court that *Booth* controls the instant case and supports its decision to deny Condo's motion to dismiss. In *Booth* Donald Franklin Booth (Booth) was charged with DUI, two counts of felony negligent homicide, and one count of

5

negligent vehicular assault, in connection with an auto accident in which he was involved on July 23, 1996. *Booth*, ¶¶ 1-2. The accident resulted in the deaths of two persons, and serious injuries to a third. After the accident it was determined that Booth had been driving under the influence at the time of the accident. He was initially cited for DUI in justice court on September 24, 1996. *Booth*, ¶ 2. He pled guilty to that charge on December 11, 1996. Two days later, the State charged him in district court with two counts of felony negligent homicide, one count of misdemeanor negligent vehicular assault, and one count of misdemeanor DUI, all based on the July accident. *Booth*, ¶ 2. Booth subsequently moved to dismiss all the charges based on his original guilty plea to the DUI charge in justice court. The district court concluded that the DUI and negligent vehicular assault charges could not be prosecuted in district court, but that the negligent homicide charges were not barred and thus denied Booth's motion to dismiss the latter charges. *Booth*, ¶ 3.

¶14 Booth appealed the denial of his motion, and we agreed to assert supervisory control over the matter. We ultimately concluded that the negligent homicide charges were not barred because they did not arise out of the "same transaction" per § 46-1-202(22), MCA (1995).[1] *Booth*, ¶ 20. In our analysis, we noted that DUI is an absolute liability offense requiring no mental state. *Booth*, ¶ 23. Negligent homicide, on the other hand, requires the State to prove that a person has acted negligently "by consciously disregarding a risk that the result will occur or that the circumstance exists, or by disregarding a risk of which the person should be aware that the result will occur or

---

[1] This statute is now located at § 46-1-202(23), MCA.

that the circumstance exists." *Booth*, ¶ 23 (citing § 45-2-101(42), MCA (1995)).  Thus, we concluded that the DUI and negligent homicide offenses did not arise out of the "same transaction."

> In this case, it cannot be said that Booth's conduct of driving his vehicle while under the influence of alcohol and negligently causing the death of two people meets the statutory definition of "same transaction."  Indeed, Booth's conduct of drinking alcohol and then driving his vehicle was not "motivated by a purpose to accomplish a criminal objective," as required by § 46-1-202(22), MCA [(1995)].  Motivation, purpose and mental state are not relevant with regard to conduct underlying the absolute liability DUI offense.  Moreover, while the "negligently" mental state must be established to prove the negligent homicide offenses, it is difficult to see how a negligent act—as opposed to an intentional one—can be "motivated by a purpose to accomplish a criminal objective."

*Booth*, ¶ 24.

¶15    The same analysis applies here.  DUI is an absolute liability offense and does not require proof of mental state.  Under § 61-8-401(1), MCA,

> It is unlawful and punishable, as provided in 61-8-442, 61-8-714, and 61-8-731 through 61-8-734, for a person who is under the influence of:
> (a)  alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public;
> (b)  a dangerous drug to drive or be in actual physical control of a vehicle within this state;
> (c)  any other drug to drive or be in actual physical control of a vehicle within this state; or
> (d)   alcohol and any dangerous or other drug to drive or be in actual physical control of a vehicle within this state.

¶16    Thus, once Condo drove a vehicle under the influence of alcohol, he committed the offense of DUI regardless of his mental state or purpose in operating a vehicle while under the influence.

¶17 Conversely, Condo cannot be found guilty of the offense of negligent vehicular assault unless he "negligently operates a vehicle, other than a bicycle as defined in 61-8-102, while under the influence of alcohol, a dangerous drug, any other drug, or any combination of the three, as provided for in 61-8-401(1), and . . . causes bodily injury to another . . . ." Section 45-5-205(1), MCA. Thus, even though Condo must be intoxicated in order to commit the offense of negligent vehicular assault, it must also be proven that he injured someone in the process of driving. In addition, it must be proven that he possessed the mental state of negligence, which is defined at § 45-2-101(43), MCA, as follows:

> [A] person acts negligently with respect to a result or to a circumstance described by a statute defining an offense when the person consciously disregards a risk that the result will occur or that the circumstance exists or when the person disregards a risk of which the person should be aware that the result will occur or that the circumstance exists. The risk must be of a nature and degree that to disregard it involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation. "Gross deviation" means a deviation that is considerably greater than lack of ordinary care.

¶18 Based on the foregoing, we conclude that these two offenses did not arise from the "same transaction" because they do not share the same purpose, motivation, and criminal objective. Because these offenses did not arise out of the same transaction, the District Court did not have concurrent jurisdiction with the Justice Court when the DUI charge was filed and Condo pled guilty to it. (See ¶ 10). Accordingly, these two charges did not satisfy the single court requirement contained in § 46-11-503(1), MCA, and the prosecution for the negligent vehicular assault was lawful.

8

¶19 Finally, Condo argues his prosecution for negligent vehicular assault is barred by the Double Jeopardy Clause, Article II, Section 25, of the Montana Constitution. Condo argues that Article II, Section 25 provides more stringent protections against double jeopardy prosecutions than the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Condo correctly notes that we have oftentimes interpreted provisions in the Montana Constitution to provide greater protections than their federal counterparts. *E.g.*, *State v. Guillaume*, 1999 MT 29, ¶ 16, 293 Mont. 224, ¶ 16, 975 P.2d 312, ¶ 16 (holding that Article II, Section 25 provides greater protections against multiple punishments than the Double Jeopardy Clause of the Fifth Amendment); *State v. Bullock*, 272 Mont. 361, 384, 901 P.2d 61, 75-76 (1995) (Montana Constitution provides citizens with a greater right to privacy than U.S. Constitution). Condo argues that the conduct giving rise to the initial prosecution for DUI and negligent vehicular assault is "indistinguishable" and that allowing the State to charge him with two crimes for this conduct is fundamentally unfair because it gives the prosecution an unfair advantage in securing multiple prosecutions. Condo argues this position is supported by *State v. Cech,* 2007 MT 184, 338 Mont. 330, 167 P.3d 389. Condo also argues his prosecution on the negligent vehicular assault violates his rights against double jeopardy because it subjects him in this case to multiple punishments for the same conduct. Thus, Condo asserts, the negligent vehicular assault charge in this case violates his rights against double jeopardy under Article II, Section 25.

¶20 The State urges us to affirm the District Court. The State argues that resolution of Condo's double jeopardy argument "hinges on whether the prosecutions arose out of the

9

same transaction as defined in Mont. Code Ann. § 46-1-202(23)." The State maintains that the District Court correctly applied *Booth* to the instant case in concluding that the DUI and negligent vehicular assault charges did not arise out of the same transaction. Further, the State argues that we should simply not address Condo's claims under Article II, Section 25 because Condo has failed to properly support his argument with any relevant authority or legal analysis. We agree. Condo has not provided authority or argument demonstrating why any greater protections that might be afforded under Article II, Section 25 would bar his prosecution and punishment for the DUI and negligent vehicular assault offenses in this case.

## CONCLUSION

¶21 We conclude that the negligent vehicular assault offense and DUI offense did not arise out of the same transaction, and are separate offenses. Thus, we affirm the District Court's denial of Condo's motion to dismiss the negligent vehicular assault charges in this case.

/S/ PATRICIA COTTER

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS

10