FILED

April 29 2009

*Ed Smith*

CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0408

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 148

---

STATE OF MONTANA,

      Plaintiff and Appellant,

v.

TROY JAY CHILD,

      Defendant and Appellee.

FILED

APR 2 9 2009

*Ed Smith*

CLERK OF THE SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Petroleum, Cause No. DC-08-02
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Hon. Steve Bullock, Montana Attorney General;
Micheal S. Wellenstein, Assistant Attorney General; Helena, Montana

        Monte J. Boettger, Petroleum County Attorney, Lewistown, Montana

    For Appellee:

        Jim Wheelis, Chief Appellate Defender; Koan Mercer, Assistant
Appellate Defender; Helena, Montana

---

                Submitted on Briefs:  April 1, 2009

                          Decided:  April 29, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     The State of Montana appeals from the District Court's order granting defendant

Troy Jay Child's (Child) motion to dismiss three counts of vehicular homicide while

under the influence and one count of perjury.  We reverse.

## BACKGROUND

¶2     The State charged Child with three counts of vehicular homicide and one count of

perjury.  Child pleaded not guilty.

¶3     On May 1, 2008, the District Court issued an Omnibus Order which was signed by

defense counsel and the county attorney.  The Omnibus Order set forth the following

briefing schedule:

### BRIEFING SCHEDULE AND MOTION HEARING

All motions and issues identified herein which have not been
resolved at the Omnibus hearing shall be addressed at a motion hearing
which will take place on the *8ᵗʰ* day of *September*, 200*8*, commencing at the
time of *2:30* o'clock *p*.m.  Counsel anticipate that the time (hours or
minutes) needed for the hearing is *2-3 hours*.  Prior to the hearing, the
parties shall file motions and briefs as follows:  *Motions hearing to be held
in Lewistown.*

Motions and briefs due on or before *July 29, 2008*
Responsive briefs due on or before *August 15, 2008*
Reply briefs due on or before *September 2, 2008*

(____) **(checked if applicable)** If either counsel wishes to file any motion,
the same shall be filed with sufficient time to allow full briefing and oral
argument of such motion(s) to take place at least one week before trial.  In
this case, the time periods allowed by the Uniform District Court Rules
shall apply.

¶4     On June 27, 2008, Child filed a Motion to Dismiss alleging that the State failed to

secure evidence in violation of his right to due process.  On August 4, 2008, the State

filed its response brief opposing the motion to dismiss. On August 7, 2008, the District Court issued an order granting the motion to dismiss, stating as follows:

> Apparently, a Motion To Dismiss was filed on June 27, 2008. A Response was received by this Court dated August 1, 2008.
>
> Pursuant to Rule 2, U. Dist. Ct. R., "[f]ailure to file an answer brief by the adverse party within ten days shall be deemed an admission that the motion is well taken." Rule 2(b), U. Dist. Ct. R[.] (emphasis added).

¶5 On August 19, 2008, the State filed a Motion to Alter or Amend the Order of Dismissal, arguing that the District Court erred in dismissing the case pursuant to Uniform District Court Rule 2. The State pointed out that the court failed to consider that its Omnibus Order established a specific briefing schedule and that the State's brief was timely filed under the District Court's schedule; the order required that responsive briefs were "due on or before August 15, 2008," and the State had filed its response on August 4, 2008. The State explained that the Omnibus Order provided two alternatives regarding the filing of briefs. The first alternative, the one chosen by the court, set forth actual due dates for the briefs. The second alternative did not provide specific dates but provided that "periods allowed by the Uniform District Court Rules shall apply." The State contended that since the District Court had not chosen the second alternative, the application of the time periods set forth in the Uniform District Court Rules did not apply. The State requested that the court correct the error prior to expiration of the State's time for filing an appeal.

3

¶6     The District Court, on August 19, 2008, issued an order recognizing the error and ruled that "the Order granting the Motion [t]o Dismiss is Rescinded." (Emphasis omitted.)

¶7     On August 20, 2008, Child filed a request for a hearing and argued that the court did not err when it granted the motion to dismiss and, further, that once the court granted the motion to dismiss, it did not have jurisdiction to reinstate the Information; that the State's only remedy was to file an appeal of the dismissal.

¶8     Since the State's time for appeal was fast approaching, the State could not wait for a decision from the District Court as to whether it had jurisdiction. Accordingly, on August, 26, 2008, the State filed its notice of appeal from the District Court's August 7, 2008 order of dismissal.

## DISCUSSION

¶9     Child argues that the Omnibus Order's requirement that briefs be filed "on or before" certain dates is not inconsistent with the requirement of Uniform District Court Rule 2 that responsive briefs are due within ten business days of the initial brief. In other words, a responsive brief would be due "before" the dates specified in the Omnibus Order when so required by Rule 2. We find this argument to be too facile. It would render the dates set in the Omnibus Order meaningless. If, as Child suggests, the court intended that Uniform District Court Rule 2 applied, then the court would not have set specific dates. Rather, it would have chosen the second alternative.

¶10     In light of the clear provisions of the District Court's Omnibus Order, the court erred in granting Child's motion to dismiss when the State failed to respond within the

4

10-day time frame set forth in Uniform District Court Rule 2. The briefing dates set forth in the Omnibus Order required that response briefs be filed on or before August 15, 2008, and the State's response brief was timely filed on August 4, 2008. Since the District Court did not choose the second alternate briefing schedule under the Omnibus Order, the Uniform Rules had no application.

¶11    The District Court's August 7, 2008 order of dismissal is reversed.

_____
Justice

We concur:

_____

_____

_____
Justices

Justice James C. Nelson, specially concurring.

¶12 In my view, this appeal could have been dismissed under M. R. App. P. 12(1)f., which requires the argument section of the appellant's brief to "contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, *with citations to the authorities*, statutes, and pages of the record relied on" (emphasis added). Here, the State's argument in its opening brief consists of three paragraphs, none of which contains any citation to authority. Similarly, in its reply brief, the State goes on for six pages responding to arguments made by Child in his response brief—arguments which Child supports with citations to authorities—and although the State cites two cases, the State then (erroneously) characterizes those cases as distinguishable from the case at hand.

¶13 Time and again, the State has criticized defendants for failing to cite authority in support of their arguments and has asked this Court not to consider such arguments. *See e.g. State v. Condo*, 2008 MT 114, ¶ 20, 342 Mont. 468, 182 P.3d 57 ("Further, the State argues that we should simply not address Condo's claims under Article II, Section 25 because Condo has failed to properly support his argument with any relevant authority or legal analysis."); *State v. Gomez*, 2007 MT 111, ¶ 31, 337 Mont. 219, 158 P.3d 442 ("Citing M. R. App. P. 23(a)(4), the State contends that Gomez's arguments are insufficiently supported with authority and that this Court should decline to consider the arguments."); *State v. Peterson*, 2002 MT 65, ¶ 23, 309 Mont. 199, 44 P.3d 499 ("The State asserts that, as a consequence of Peterson's failure . . . to cite authority on appeal, we should not consider this argument on appeal.").

¶14 As the State is well aware, "[t]he appellant bears the burden to establish error by a district court," and "[t]he appellant must establish such error with legal authority." *State v. Giddings*, 2009 MT 61, ¶ 69, 349 Mont. 347, ___ P.3d ___ (citing *State v. Bailey*, 2004 MT 87, ¶ 26, 320 Mont. 501, 87 P.3d 1032). The State should be expected to conduct itself pursuant to the same rules which the State consistently invokes against defendants filing appeals before this Court. Applying those rules here, this appeal should be dismissed. *See In re Marriage of McMahon*, 2002 MT 198, ¶ 7, 311 Mont. 175, 53 P.3d 1266 ("[W]e hereby dismiss [Appellant's] appeal for failing to comply with the Montana Rules of Appellate Procedure and affirm the decision of the District Court.").

¶15 That said, the Court has decided to address the merits of the State's appeal. While I agree with the Court that the District Court erred in granting Child's motion to dismiss based on Rule 2(b) of the Uniform District Court Rules (Title 25, chapter 19, MCA),[1] I write separately to note the District Court's additional error in attempting to "rescind" its

---

[1] Child contends that the District Court could not "overrule" Rule 2(b)'s filing deadlines; however, Child has not explained how the District Court's briefing schedule was in "conflict" with Rule 2(b). *See* Uniform District Court Rule 15 ("Nothing in these rules shall be construed as limiting the power of the district courts from promulgating rules that do not conflict with these rules."). Rule 2(b) merely states, in relevant part, that "[f]ailure to file an answer brief by the adverse party within ten days shall be deemed an admission that the motion is well taken" and "[f]ailure to file briefs *may* subject the motion to summary ruling" (emphasis added). Child cites no authority for the proposition that Rule 2(b) precludes a district court from considering an answer brief filed after the 10-day deadline or requires a district court to grant the motion based solely on the tardy filing of an answer brief. There is authority, however, for the contrary proposition. *See e.g. In re A.C.*, 2001 MT 126, ¶ 25, 305 Mont. 404, 27 P.3d 960 ("We have interpreted Uniform District Court Rule 2 as allowing the trial court discretion to either grant or deny an unanswered motion."); *accord In re Marriage of Lundstrom and Scholz*, 2007 MT 304, ¶ 23, 340 Mont. 83, 172 P.3d 588; *State v. Loh*, 275 Mont. 460, 466, 914 P.2d 592, 596 (1996); *State v. Fertterer*, 260 Mont. 397, 400, 860 P.2d 151, 153 (1993).

7

dismissal order—an action which led to otherwise unnecessary expenditures of time and resources by the parties, not to mention avoidable delay in bringing Child to trial.

¶16 On May 16, 2008, the District Court issued an Omnibus Order which stated, among other things, that motions and briefs were due on or before July 29 and that responsive briefs were due on or before August 15. On June 27, Child filed a motion to dismiss this case "with prejudice." On August 4, the State filed a response. On August 7, the District Court entered an Order on Motion to Dismiss, stating: "The Motion To Dismiss is **Granted**." Although the court did not state explicitly that the case was being dismissed "with prejudice," dismissal with prejudice was clearly the outcome of the court's order, given that Child's motion specifically requested dismissal "with prejudice" and given that the court's order specifically granted Child's motion without qualification.

¶17 Next, on August 19, the State filed a "Motion to Alter or Amend Order of Dismissal," arguing that the District Court's decision "is in error" and requesting that the court "fix its mistake." The court then entered an order on August 19 purporting to "rescind" its August 7 Order on Motion to Dismiss. Thereafter, over the next couple of weeks, Child filed a Response to State's Motion to Alter or Amend and several supporting briefs, while the State filed corresponding responses. Among other things, Child argued that the District Court lacked authority to rescind its dismissal order and reinstate the Information. He was correct.

¶18 When a criminal case is dismissed with prejudice, the dismissed information is no longer effective against the defendant and cannot be reinstated. *State ex rel. Torres v.*

8

*District Court*, 265 Mont. 445, 453, 877 P.2d 1008, 1012 (1994); *State v. Onstad*, 234 Mont. 487, 490, 764 P.2d 473, 475 (1988). While a district court may correct clerical errors to make the record speak the truth of what was actually decided, the court may not change what was originally intended. *Torres*, 265 Mont. at 453, 877 P.2d at 1012. Thus, in the present case, the District Court's purported "rescission" of its dismissal order in an attempt to reinstate the Information was, in reality, " 'a reversal of the court's decision on the motion to dismiss and [was] not permissible.' " *Torres*, 265 Mont. at 453, 877 P.2d at 1012-13 (quoting *Onstad*, 234 Mont. at 490, 764 P.2d at 475).

¶19 Likewise, the State's "Motion to Alter or Amend Order of Dismissal" was improper. As we stated in *Torres*: "[O]n the District Court's dismissal of the information with prejudice on motion of the defendant, the appropriate remedy for the State was to appeal, not to request reconsideration of the court's order." *Torres*, 265 Mont. at 453, 877 P.2d at 1013 (citing § 46-20-103(2)(a), MCA, and *Onstad*, 234 Mont. at 489-90, 764 P.2d at 475).

¶20 As it turns out, although the District Court purported to reinstate the Information, the State prudently chose to err on the side of caution and file a notice of appeal, perhaps recognizing that the District Court's "rescission" order was legally invalid. Thus, the State is now before us in the correct procedural posture; and, as noted, I concur in the Court's decision to reverse the District Court's August 7, 2008 order of dismissal.[2]

---

[2] It is important to note that *Torres* involved a similar factual scenario: the district court dismissed the case with prejudice but then purported to rescind its dismissal order, *see Torres*, 265 Mont. at 448, 877 P.2d at 1010. Yet, in contrast to the present case, we decided in *Torres* to remand the case to the district court "for entry of an order reinstating

¶21 For these reasons, I specially concur.

_____
                Justice

---

its [dismissal] order." *Torres*, 265 Mont. at 453, 877 P.2d at 1013. This difference in outcomes derives from the differing procedural postures of the two cases: in *Torres*, *the defendant* appealed from the district court's *rescission order*, arguing that the district court had no authority to reinstate the information, and we agreed that the court did not have such authority, whereas here, *the State* is appealing from the District Court's *dismissal order*, arguing that the District Court erred in dismissing the charge under Rule 2(b) of the Uniform District Court Rules, and we agree that the court erred in doing so. A separate question arises where a dismissal with prejudice amounts, in substance, to an acquittal. The State could not appeal from such a dismissal, *see* § 46-20-103, MCA, and the State also could not re-file the charge, U.S. Const. amend V. Child, however, does not argue that the District Court's dismissal order constituted an acquittal.