JUSTICE NELSON,
specially concurring.
¶12 In my view, this appeal could have been dismissed under M. R. App. P. 12(l)f., which requires the argument section of the appellant’s brief to “contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and pages of the record relied on” (emphasis added). Here, the State’s argument in its opening brief consists of three paragraphs, none of which contains any citation to authority. Similarly, in its reply brief, the State goes on for six pages responding to arguments made by Child in his response brief-arguments which Child supports with citations to authorities-and although the State cites two cases, the State then (erroneously) characterizes those cases as distinguishable from the case at hand.
¶13 Time and again, the State has criticized defendants for failing to cite authority in support of their arguments and has asked this Court not to consider such arguments. See e.g. State v. Condo, 2008 MT 114, ¶ 20, 342 Mont. 468, 182 P.3d 57 (“Further, the State argues that we should simply not address Condo’s claims under Article II, Section 25 because Condo has failed to properly support his argument with any relevant authority or legal analysis.”); State v. Gomez, 2007 MT 111, ¶ 31, 337 Mont. 219, 158 P.3d 442 (“Citing M. R. App. P. 23(a)(4), the State contends that Gomez’s arguments are insufficiently supported with authority and that this Court should decline to consider the arguments.”); State v. Peterson, 2002 MT 65, ¶ 23, 309 Mont. 199, 44 P.3d 499 (“The State asserts that, as a consequence of Peterson’s failure ... to cite authority on appeal, we should not consider this argument on appeal.”).
¶14 As the State is well aware, “[t]he appellant bears the burden to establish error by a district court,” and “[t]he appellant must establish such error with legal authority.” State v. Giddings, 2009 MT 61, ¶ 69, 349 Mont. 347, 208 P.3d 363 (citing State v. Bailey, 2004 MT 87, ¶ 26, 320 Mont. 501, 87 P.3d 1032). The State should be expected to conduct itself pursuant to the same rules which the State consistently invokes *373 against defendants filing appeals before this Court. Applying those rules here, this appeal should be dismissed. See In re Marriage of McMahon, 2002 MT 198, ¶ 7, 311 Mont. 175, 53 P.3d 1266 (“[W]e hereby dismiss [Appellant’s] appeal for failing to comply with the Montana Rules of Appellate Procedure and affirm the decision of the District Court.”).
¶15 That said, the Court has decided to address the merits of the State’s appeal. While I agree with the Court that the District Court erred in granting Child’s motion to dismiss based on Rule 2(b) of the Uniform District Court Rules (Title 25, chapter 19, MCA),[1] I write separately to note the District Court’s additional error in attempting to “rescind” its dismissal order-an action which led to otherwise unnecessary expenditures of time and resources by the parties, not to mention avoidable delay in bringing Child to trial.
¶16 On May 16, 2008, the District Court issued an Omnibus Order which stated, among other things, that motions and briefs were due on or before July 29 and that responsive briefs were due on or before August 15. On June 27, Child filed a motion to dismiss this case “with prejudice.” On August 4, the State filed a response. On August 7, the District Court entered an Order on Motion to Dismiss, stating: “The Motion To Dismiss is Granted.” Although the court did not state explicitly that the case was being dismissed “with prejudice,” dismissal with prejudice was clearly the outcome of the court’s order, given that Child’s motion specifically requested dismissal “with prejudice” and given that the court’s order specifically granted Child’s motion without qualification.
¶17 Next, on August 19, the State filed a “Motion to Alter or Amend *374 Order of Dismissal,” arguing that the District Court’s decision “is in error” and requesting that the court “fix its mistake.” The court then entered an order on August 19 purporting to “rescind” its August 7 Order on Motion to Dismiss. Thereafter, over the next couple of weeks, Child filed a Response to State’s Motion to Alter or Amend and several supporting briefs, while the State filed corresponding responses. Among other things, Child argued that the District Court lacked authority to rescind its dismissal order and reinstate the Information. He was correct.
¶18 When a criminal case is dismissed with prejudice, the dismissed information is no longer effective against the defendant and cannot be reinstated. State ex rel. Torres v. District Court, 265 Mont. 445, 453, 877 P.2d 1008, 1012 (1994); State v. Onstad, 234 Mont. 487, 490, 764 P.2d 473, 475 (1988). While a district court may correct clerical errors to make the record speak the truth of what was actually decided, the court may not change what was originally intended. Torres, 265 Mont. at 453, 877 P.2d at 1012. Thus, in the present case, the District Court’s purported “rescission” of its dismissal order in an attempt to reinstate the Information was, in reality, “ ‘a reversal of the court’s decision on the motion to dismiss and [was] not permissible.’ ” Torres, 265 Mont. at 453, 877 P.2d at 1012-13 (quoting Onstad, 234 Mont. at 490, 764 P.2d at 475).
¶19 Likewise, the State’s “Motion to Alter or Amend Order of Dismissal” was improper. As we stated in Torres: “[0]n the District Court’s dismissal of the information with prejudice on motion of the defendant, the appropriate remedy for the State was to appeal, not to request reconsideration of the court’s order.” Torres, 265 Mont. at 453, 877 P.2d at 1013 (citing § 46-20-103(2)(a), MCA, and Onstad, 234 Mont. at 489-90, 764 P.2d at 475).
¶20 As it turns out, although the District Court purported to reinstate the Information, the State prudently chose to err on the side of caution and file a notice of appeal, perhaps recognizing that the District Court’s “rescission” order was legally invalid. Thus, the State is now before us in the correct procedural posture; and, as noted, I concur in the Court’s decision to reverse the District Court’s August 7, 2008 *375 order of dismissal.[2]
¶21 For these reasons, I specially concur.

 Child contends that the District Court could not “overrule” Rule 2(b)’s filing deadlines; however, Child has not explained how the District Court’s briefing schedule was in “conflict” with Rule 2(b). See Uniform District Court Rule 15 (“Nothing in these rules shall be construed as limiting the power of the district courts from promulgating rules that do not conflict with these rules.”). Rule 2(b) merely states, in relevant part, that “[flailure to file an answer brief by the adverse party within ten days shall be deemed an admission that the motion is well taken” and “[flailure to file briefs may subject the motion to summary ruling” (emphasis added). Child cites no authority for the proposition that Rule 2(b) precludes a district court from considering an answer brief filed after the 10-day deadline or requires a district court to grant the motion based solely on the tardy filing of an answer brief. There is authority, however, for the contrary proposition. See e.g. In re A.C., 2001 MT 126, ¶ 25, 305 Mont. 404, 27 P.3d 960 (“We have interpreted Uniform District Court Rule 2 as allowing the trial court discretion to either grant or deny an unanswered motion.”); accord In re Marriage of Lundstrom and Scholz, 2007 MT 304, ¶ 23, 340 Mont. 83, 172 P.3d 588; State v. Loh, 275 Mont. 460, 466, 914 P.2d 592, 596 (1996); State v. Fertterer, 260 Mont. 397, 400, 860 P.2d 151, 153 (1993).

 It is important to note that Torres involved a similar factual scenario: the district court dismissed the case with prejudice but then purported to rescind its dismissal order, see Torres, 265 Mont. at 448, 877 P.2d at 1010. Yet, in contrast to the present case, we decided in Torres to remand the case to the district court “for entry of an order reinstating its [dismissal] order.” Torres, 265 Mont. at 453, 877 P.2d at 1013. This difference in outcomes derives from the differing procedural postures of the two cases: in Torres, the defendant appealed from the district court’s rescission order, arguing that the district court had no authority to reinstate the information, and we agreed that the court did not have such authority, whereas here, the State is appealing from the District Court’s dismissal order, arguing that the District Court erred in dismissing the charge under Rule 2(b) of the Uniform District Court Rules, and we agree that the court erred in doing so. A separate question arises where a dismissal with prejudice amounts, in substance, to an acquittal. The State could not appeal from such a dismissal, see § 46-20-103, MCA, and the State also could not re-file the charge, U.S. Const, amend V. Child, however, does not argue that the District Court’s dismissal order constituted an acquittal.