JUSTICE LEAPHART
delivered the Opinion of the Court.
¶1 The State of Montana appeals from the District Court’s order granting defendant Troy Jay Child’s (Child) motion to dismiss three counts of vehicular homicide while under the influence and one count of perjury. We reverse.
*370 BACKGROUND
¶2 The State charged Child with three counts of vehicular homicide and one count of perjury. Child pleaded not guilty.
¶3 On May 1, 2008, the District Court issued an Omnibus Order which was signed by defense counsel and the county attorney. The Omnibus Order set forth the following briefing schedule:
BRIEFING SCHEDULE AND MOTION HEARING
All motions and issues identified herein which have not been resolved at the Omnibus hearing shall be addressed at a motion hearing which will take place on the 8^_ day of September. 2008, commencing at the time of 2:30 o’clock g.m. Counsel anticipate that the time (hours or minutes) needed for the hearing is 2-3 hours. Prior to the hearing, the parties shall file motions and briefs as follows: Motions hearing to be held in Lewistown.
Motions and briefs due on or before July 29, 2008 Responsive briefs due on or before August 15, 2008 Reply briefs due on or before September 2, 2008
(_) (checked if applicable) If either counsel wishes to file any motion, the same shall be filed with sufficient time to allow full briefing and oral argument of such motion(s) to take place at least one week before trial. In this case, the time periods allowed by the Uniform District Court Rules shall apply.
¶4 On June 27, 2008, Child filed a Motion to Dismiss alleging that the State failed to secure evidence in violation of his right to due process. On August 4, 2008, the State filed its response brief opposing the motion to dismiss. On August 7,2008, the District Court issued an order granting the motion to dismiss, stating as follows:
Apparently, a Motion To Dismiss was filed on June 27, 2008. A Response was received by this Court dated August 1, 2008.
Pursuant to Rule 2, U. Dist. Ct. R., “[flailure to file an answer brief by the adverse party within ten days shall be deemed an admission that the motion is well taken.” Rule 2(b), U. Dist. Ct. R[.] (emphasis added).
¶5 On August 19, 2008, the State filed a Motion to Alter or Amend the Order of Dismissal, arguing that the District Court erred in dismissing the case pursuant to Uniform District Court Rule 2. The State pointed out that the court failed to consider that its Omnibus Order established a specific briefing schedule and that the State’s brief was timely filed under the District Court’s schedule; the order required that responsive briefs were “due on or before August 15,2008,” and the *371 State had filed its response on August 4, 2008. The State explained that the Omnibus Order provided two alternatives regarding the filing of briefs. The first alternative, the one chosen by the court, set forth actual due dates for the briefs. The second alternative did not provide specific dates but provided that “periods allowed by the Uniform District Court Rules shall apply.” The State contended that since the District Court had not chosen the second alternative, the application of the time periods set forth in the Uniform District Court Rules did not apply. The State requested that the court correct the error prior to expiration of the State’s time for filing an appeal.
¶6 The District Court, on August 19, 2008, issued an order recognizing the error and ruled that “the Order granting the Motion [t]o Dismiss is Rescinded.” (Emphasis omitted.)
¶7 On August 20, 2008, Child filed a request for a hearing and argued that the court did not err when it granted the motion to dismiss and, further, that once the court granted the motion to dismiss, it did not have jurisdiction to reinstate the Information; that the State’s only remedy was to file an appeal of the dismissal.
¶8 Since the State’s time for appeal was fast approaching, the State could not wait for a decision from the District Court as to whether it had jurisdiction. Accordingly, on August, 26, 2008, the State filed its notice of appeal from the District Court’s August 7, 2008 order of dismissal.
DISCUSSION
¶9 Child argues that the Omnibus Order’s requirement that briefs be filed “on or before” certain dates is not inconsistent with the requirement of Uniform District Court Rule 2 that responsive briefs are due within ten business days of the initial brief. In other words, a responsive brief would be due “before” the dates specified in the Omnibus Order when so required by Rule 2. We find this argument to be too facile. It would render the dates set in the Omnibus Order meaningless. If, as Child suggests, the court intended that Uniform District Court Rule 2 applied, then the court would not have set specific dates. Rather, it would have chosen the second alternative.
¶10 In light of the clear provisions of the District Court’s Omnibus Order, the court erred in granting Child’s motion to dismiss when the State failed to respond within the 10-day time frame set forth in Uniform District Court Rule 2. The briefing dates set forth in the Omnibus Order required that response briefs be filed on or before *372 August 15, 2008, and the State’s response brief was timely filed on August 4, 2008. Since the District Court did not choose the second alternate briefing schedule under the Omnibus Order, the Uniform Rules had no application.
¶11 The District Court’s August 7,2008 order of dismissal is reversed.
JUSTICES WARNER, COTTER and MORRIS concur.