DA 21-0144

FILED

10/18/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0144

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 203

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

EDWARD LEROY SOUTHER,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause No. DC-19-81
Honorable Olivia Rieger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, James Reavis, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

          Brett Irigoin, Dawson County Attorney, Glendive, Montana

          Submitted on Briefs:  August 31, 2022

                  Decided:  October 18, 2022

Filed:

_____
            Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     This case concerns a sentence imposed upon revocation in the Seventh Judicial District Court, Dawson County.  Edward Leroy Souther (Souther) pled guilty and received a sentence imposing a period of incarceration followed by probation.  Before discharging his suspended sentence, Souther was arrested on probation violations.  His suspended sentence was revoked and, upon resentencing, Souther was granted 275 days of time for presentence incarceration and 278 days of elapsed time—a total credit of 553 days.  Souther appeals his sentence imposed upon revocation, contending that the 553 days should be credited towards each count for which he was convicted.  We reject Souther's contention and conclude that the District Court correctly calculated Souther's sentence pursuant to § 46-18-203, MCA, the relevant statute governing the imposition of sentence upon revocation.

¶2     We restate the issue as follows:[1]

*Did Souther receive an illegal sentence when he was credited for elapsed time and presentence incarceration against only the aggregate of multiple sentences which were imposed consecutively?*

---

[1] We decline the parties' invitation to overrule precedent each finds disagreeable.  The issue here is resolved by applying the provisions of § 46-18-203, MCA, governing the revocation of suspended sentences, and existing case law.  While we have thoroughly considered each of the parties' arguments, there is no need to further address the parties' arguments made either in support of or against the named cases as this matter is resolved by a straightforward application of relevant statutes and case law.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3 In August 2019, the State filed an Information charging Souther with two misdemeanor counts of partner or family member assault (PFMA), one count of felony PFMA, misdemeanor destruction of a communication device, felony violation of an order of protection, and felony witness tampering. Souther entered into a nonbinding plea agreement and pled guilty to three counts: misdemeanor PFMA (Count I); violation of an order of protection (Count V); and witness tampering (Count VI). The District Court sentenced Souther on February 25, 2020, in accordance with the nonbinding plea agreement, as follows:

> Count V (violation of order of protection): 2 years in Montana State Prison (MSP), all but 10 days suspended with conditions, credit for 214 days of time served in jail prior to conviction, and a $500 fine (suspended);
>
> Count VI (witness tampering): 5 years in MSP, all suspended with conditions; and
>
> Count I (PFMA): 1 year in county jail all but 1 day suspended, credit for 1 day time served, and a $100 fine (suspended).

The District Court ordered that Counts I and VI run concurrently to each other, but consecutive to Count V. The court specifically required that Count V run first. The District Court released Souther from custody and his probation commenced pursuant to the suspended sentence on Count V.

¶4 Souther violated his probation in November 2020, and the State petitioned to revoke his suspended sentence. The District Court revoked Souther's suspended sentence and imposed one year in the county jail for Count I; two years of incarceration on Count V; and

3

five years of incarceration on Count VI, with two of those years suspended. Consistent with the original sentence, the District Court ran Counts I and VI concurrent to each other and consecutive to Count V and required that the sentence on Count V would run first. Thus, Souther's aggregate sentence was seven years to MSP, with 2 years suspended. The District Court credited Souther 275 days of presentence incarceration against the sentence in Count V, which represented 214 days of jail time previously credited in the original judgment and 61 days for Souther's jail time spent waiting for disposition of his revocation. The District Court also granted Souther 278 days of elapsed time pursuant to §46 -18 -203(7)(b), MCA. Thus, the total time granted to Souther was 553 days of credit.

¶5 Souther did not object to the 553 days of credit and agreed that this was a correct calculation of credit.

## STANDARDS OF REVIEW

¶6 "We review a criminal sentence for legality; that is, we determine whether the sentence is within statutory parameters." *State v. Seals*, 2007 MT 71, ¶ 7, 336 Mont. 416, 156 P.3d 15. "[T]he interpretation and construction of a statute is a matter of law and we review whether the district court interpreted and applied a statute correctly de novo." *State v. Jardee*, 2020 MT 81, ¶ 5, 399 Mont. 459, 461 P.3d 108 (quoting *State v. Triplett*, 2008 MT 360, ¶ 13, 346 Mont. 383, 195 P.3d 819).

## DISCUSSION

¶7 *Did Souther receive an illegal sentence when he was credited for elapsed time and presentence incarceration against only the aggregate of multiple sentences which were imposed consecutively?*

4

¶8 Preliminarily, we must address the State's argument that Souther failed to preserve this issue for appellate review because he never objected in the District Court to having credit against only the aggregate of his multiple sentences. In doing so, we necessarily address some of the analysis relevant for resolving the issue presented.

¶9 Revocation proceedings are civil matters and fundamentally differ from underlying criminal conviction statutes. *State v. Howard*, 2020 MT 279, ¶ 13, 402 Mont. 54, 475 P.3d 392; *State v. Haagenson*, 2010 MT 95, ¶ 16, 356 Mont. 177, 232 P.3d 367 ("a revocation proceeding [. . .] is a purely administrative action, [. . .] not a proceeding designed to punish a criminal defendant for violation of criminal law"); *State v. Boulton*, 2006 MT 170, ¶ 16, 332 Mont. 538, 140 P.3d 482 ("the action to revoke [a] previously suspended sentence is not a criminal adjudication"); *State v. Lange*, 237 Mont. 486, 489, 775 P.2d 213, 215 (1989) ("a revocation hearing is simply an exercise of the trial court's supervision over [a] defendant during probation and the consequence of revocation is execution of a penalty previously imposed").

¶10 Once a district court revokes a suspended sentence, the sentence is "particularly and expressly" governed by § 46-18-203, MCA. *State v. Osborn*, 2015 MT 48, ¶ 13, 378 Mont. 244, 343 P.3d 1188. Specifically, § 46-18-203(7)(b) controls revocation of a suspended sentence:

> If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time, consult the records and recollection of the probation and parole officer, and allow all of the elapsed time served without any record or recollection of violations as a credit against the sentence. [. . .] Credit must

5

be allowed for time served in a detention center or for home arrest time already served.

¶11 General provisions governing criminal sentencing do not apply to revocation matters. *State v. Seals*, 2007 MT 71, ¶ 15, 336 Mont. 416, 156 P.3d 15. Criminal sentencing statutes, such as § 46-18-201, MCA, apply "to the initial sentence imposed after conviction of a crime upon a verdict or plea." *State v. Roberts*, 2010 MT 110, ¶¶ 11-12, 356 Mont. 290, 233 P.3d 324. In contrast, § 46-18-203(7)(b), MCA, applies after a district court has found that the defendant has violated the terms of the original suspended sentence imposed under § 46-18-201, MCA. *Roberts*, ¶ 12.

¶12 Accordingly, if the sentence is imposed pursuant to a revocation proceeding, §46-18-203(7)(b), MCA, expressly delineates the sentencing court's authority and available options. If the court imposes a sentence not authorized by statute, it is illegal and its illegality may be reviewed on appeal absent an objection made in the trial court. "The sentencing authority of a court exists solely by virtue of a statutory grant of power and therefore cannot be exercised in any manner not specifically authorized." *State v. Lenihan*, 184 Mont. 338, 342, 602 P.2d 997 (1979). Thus, "it appears to be the better rule to allow an appellate court to review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing." *Lenihan*, 184 Mont. at 343. Here, Souther argues that he did not receive the credit to which he was entitled pursuant to § 46-18-203, MCA, contending he should have received presentence incarceration and elapsed time credit for each count or

sentence rather than for the aggregate of the sentences. Souther's claim is thus premised on an argument that his sentence exceeded the statutory parameters of § 46-18-203, MCA, and is, therefore, illegal. Pursuant to *Lenihan*, we will review Souther's alleged illegal sentence.

¶13     In *State v. Tracy*, 2005 MT 128, 327 Mont. 220, 113 P.3d 297, this Court held that credit must be given for all sentences that are being served concurrently, noting that "concurrent means operating at the same time." *Tracy*, ¶ 28. A defendant sentenced to concurrent terms in effect receives credit against each sentence and the sentences are said to have "merged." *See State v. Youpee*, 2018 MT 102, ¶ 8, 391 Mont. 246, 416 P.3d 1050. Conversely, when a court exercises its discretion to run sentences consecutively, a defendant is entitled to presentence and elapsed time credit only once against the aggregate of the consecutive terms because those sentences have not merged. Section 46-18-203(7)(b), MCA, does not provide for the repeated application of credit for consecutive sentences.

¶14     Accordingly, Souther is not entitled to have presentence and elapsed time credited against every count of his conviction—that is determined based on whether the sentences were consecutively or concurrently imposed. Here, Counts I and VI were concurrently imposed to each other and, thus, merge; however, because they were consecutively imposed to Count V, they add an additional term of five years to Souther's aggregate sentence. The District Court did not impose an illegal sentence by crediting Souther only with 553 days of presentence and elapsed time credit against the aggregate term of his

consecutive sentences. Had the sentences for Counts I and VI been imposed concurrently to Count V, then Souther's sentences would have merged and the credit would have effectively been applied against all Souther's sentences. However, Souther did not receive three concurrent sentences and credit was correctly applied by the District Court to the aggregate sentence— seven years with all but two suspended—that Souther received upon revocation.

**CONCLUSION**

¶15 Souther's sentence was not illegal because Souther is only entitled to credit for elapsed time and presentence incarceration against the aggregate of the multiple consecutive sentences the District Court imposed.

¶16 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR

8