FILED

05/06/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0142

DA 23-0142

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 90

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

CHEYENE LEILANI-AMBER ZIELIE,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC-19-215
Honorable David J. Grubich, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Tammy A. Hinderman, Appellate Defender Division Administrator,
Kristina L. Neal, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

          Josh Racki, Cascade County Attorney, Ryal Ball, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  January 22, 2025

Decided:  May 6, 2025

Filed:

_____
Clerk

Chief Justice Cory J. Swanson delivered the Opinion of the Court.

¶1 Cheyene Leilani-Amber Zielie appeals the January 2023 denial of her motion to dismiss the State's petition to revoke her suspended sentence. She argues the District Court lacked jurisdiction to consider the petition on the ground the court had previously dismissed her case with prejudice. Zielie also argues she was entitled to additional credit for time served in custody on her first sentence. For the reasons discussed below, we affirm in part, reverse in part, and remand this case to the District Court for resentencing consistent with this Opinion.

¶2 We restate the issues on appeal as follows:

*Issue One: Whether the District Court erred when it denied Zielie's motion to dismiss her revocation proceeding.*

*Issue Two: Whether Zielie is entitled to 66 days of credit for time she served prior to her original sentence.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On April 5, 2019, the State charged Zielie with Criminal Possession of Dangerous Drugs (methamphetamine), a felony; Criminal Possession of Drug Paraphernalia, a misdemeanor; and Obstructing a Peace Officer or Other Public Servant, a misdemeanor. On September 11, 2019, Zielie entered a guilty plea to Criminal Possession of Dangerous Drugs and was committed to the Montana Department of Corrections for three years, all suspended, to run concurrently with any other sentence she was serving.

¶4 On March 4, 2021, the State filed a petition to revoke Zielie's suspended sentence. The next day, the District Court issued an arrest warrant. In the affidavit supporting the

revocation petition, the alleged violations of Zielie's sentence and probation were: (1) "absconding," which was a non-compliance violation; (2) missing appointments, which was a compliance violation; and (3) failure to maintain employment, which was a compliance violation. However, on March 25, 2021, the State filed a Motion to Dismiss with Prejudice, asking the court to dismiss "the above-captioned case with prejudice in the interests of justice." The State explained, "This motion is made on the grounds and for the reason that the Defendant has regained contact and compliance with probation and parole and the petition to revoke is no longer necessary. The State further moves the Court to quash the outstanding warrant."

¶5      On April 5, 2021, the District Court, without holding a hearing on the motion, issued an Order Dismissing Case with Prejudice, which the State had submitted as a proposed order. In its entirety, the April 5th Order stated:

> Upon Motion of the State and good cause appearing;
> IT IS HEREBY ORDERED that the above-captioned case shall be dismissed with prejudice, in the interests of justice.
> IT IS FURTHER ORDERED that revocation warrant is hereby quashed.

¶6      On May 3, 2021, the State filed a second Petition for Revocation of Suspended Sentence. The State's second petition was prompted by Zielie's new criminal charges on April 21, 2021, including "Criminal Possession of Dangerous Drugs, Aggravated Driving Under the Influence, and Driving Under the Influence of Alcohol - 3rd Offense." The new criminal offenses were non-compliance violations. The District Court issued an arrest warrant the next day.

3

¶7      Zielie was released on her own recognizance on June 14, 2021, and she received the benefit of a Public Defender to represent her.  The case continued for months, and Zielie continued to sporadically show up to subsequent hearings without contesting the District Court's jurisdiction.  In that time, the Court issued three arrest warrants due to her failure to attend court hearings.  After the final arrest warrant was issued and bail was set at $15,000, Zielie was arrested and remained in custody.

¶8      Eventually, during a hearing on November 2, 2022, the defense attorney informed the court he noticed the case had been "dismissed with prejudice" on April 5, 2021.  In response, the State "advised the Court the wrong document was filed and was meant to be a dismissal of revocation."  The defense attorney filed a Motion to Dismiss Petition and Release from Bail on December 2, 2022.  The motion argued Zielie's sentence was dismissed in a final adjudication on the merits, and the doctrine of res judicata now barred the State from revoking a suspended sentence that did not exist.  The entire State's revocation proceeding was a "nullity."  Zielie further argued if the State believed the dismissal order was in error (keeping in mind the prosecutor drafted the proposed order), the time had lapsed for the State to appeal the dismissal or seek correction of the final judgment under § 46-18-116, MCA.  Zielie asserted "there is no valid legal basis for the Court to maintain jurisdiction over this Petition or the person of the Defendant."

¶9      On January 4, 2023, the District Court held a dispositional hearing on the motion to dismiss.  The State did not file a response to the motion, informing the court during the dispositional hearing it had not been aware of the Defendant's motion and brief.  However, the deputy county attorney explained his office had apparently made a typo in its original

4

motion to dismiss. When the District Court asked him whether he thought the mistake "was a clerical error," the prosecutor answered, "Yes, Your Honor, it was. Of course I should have said motion and order to dismiss the petition for revocation, not to dismiss the case." The State was unsure, however, whether the District Court's order dismissing the case with prejudice "completely resolves [Zielie's] probationary sentence, if that means that her probation is then terminated and that everything is just done." The prosecutor conceded "the time to correct those clerical errors" and "to issue a corrected order ha[d] passed."

¶10 The District Court orally denied Zielie's motion to dismiss, based upon its research of the record and its understanding of "the true intent of the court's original order[,] based on the State's original motion."[1] On January 6, 2023, the District Court issued a conforming written order denying Zielie's motion to dismiss the revocation proceedings. The order reiterated the District Court's orally stated reasoning, that the intention of the prior dismissal order was to dismiss the first revocation petition, not the entirety of Zielie's sentence. The District Court concluded that it "has the authority to interpret its own orders and correct them if they reflect an[] error that goes against the original order's true intent." Thus, the court denied Zielie's motion to dismiss.

¶11 On the same day, the District Court issued a dispositional order, revoking Zielie's suspended sentence, and sentencing her to a three-year commitment to the Department of Corrections, with no time suspended. The District Court granted Zielie credit for 137 days

---

[1] The original order to dismiss "with prejudice" was issued by a different district court judge.

for time served in custody, and credit for 546 days of elapsed time served on probation. Zielie now appeals the order denying her motion to dismiss, and additionally argues the District Court erred by failing to grant her an additional 66 days of credit for time served on her original sentence. The State concedes the issue of additional time credit.

## STANDARD OF REVIEW

¶12    A district court's interpretation and application of a statute presents a question of law, which we review de novo. *State v. Payne*, 2021 MT 256, ¶ 14, 405 Mont. 511, 496 P.3d 546. Whether a court has subject matter jurisdiction is also a question of law reviewed de novo. *Gazette v. State,* 2008 MT 287, ¶ 6, 345 Mont. 385, 190 P.3d 1126. Whether a district court has jurisdiction is a "question of law which we review to determine whether the district court had authority to act. A court exceeds its jurisdiction through acts which exceed the defined power of a court, whether that power be defined by constitutional provisions, express statutes, or rules developed by the courts." *Sw. Mont. Bldg. Indus. Ass'n v. City of Bozeman*, 2018 MT 62, ¶ 21, 391 Mont. 55, 414 P.3d 761 (citation omitted).

## DISCUSSION

¶13    *Issue One: Whether the District Court erred when it denied Zielie's motion to dismiss her revocation proceeding.*

¶14    Zielie asserts the District Court lacked subject matter jurisdiction to adjudicate the State's second petition to revoke her suspended sentence filed in May 2021, because the original order dismissing the first petition to revoke with prejudice was a final judgment. She also argues the court erroneously applied § 46-18-116(3), MCA, to reverse its prior

order dismissing her case. Zielie contends the District Court erroneously concluded it was authorized to reinstate the case against her after previously dismissing it with prejudice. The State argues the prosecutor's clear intention was to dismiss the original petition to revoke, not to dismiss Zielie's entire sentence, and such a motion and order would have been beyond the District Court's authority at that stage in the proceeding.

¶15 Addressing Zielie's arguments against the District Court's actions, we note she originally argued the doctrine of res judicata barred the State's second petition to revoke. The State points out Zielie has largely jettisoned that argument on appeal and now merely claims the District Court did not have jurisdiction over her. The State's argument has merit, but we note Zielie did assert the lack of jurisdiction at the District Court level, even if the majority of her argument focused on res judicata. Thus, we will address the jurisdictional challenge on appeal.

¶16 Whether as a pure challenge of jurisdiction or a res judicata theory, Zielie's argument fails because she mistakenly asserts the order dismissing the petition to revoke is a final judgment or a final adjudication on the merits. It is merely an order that neither deprived the District Court of jurisdiction, nor finally adjudicated the merits of the case.

¶17 A district court's dismissal of a petition to revoke is not a sentence and judgment, and it is unlike a dismissal of an information, which "acts as a final adjudication of the case . . . ." *State ex rel. Torres v. Mont. Eighth Judicial Dist. Court*, 265 Mont. 445, 452, 877 P.2d 1008, 1012 (1994). The distinction is important, as it clarifies whether the District Court's issuance is properly classified as an order or a judgment. The appropriate treatise addresses it thus:

7

Although the terms "order" and "judgment" are sometimes used interchangeably, the term "judgment" normally refers to a court's final ruling. A judgment is distinguished from an order in that the latter is the mandate or determination of a court on some subsidiary or collateral matter arising in an action not disposing of the merits but adjudicating a preliminary point or directing some step in the proceedings. As a judgment must function by its character as a final determination of the parties' rights in a lawsuit, whether a document is a court order or a judgment is to be determined not by the document's title, but by its contents. Every direction of a court or judge, made or entered in writing and not included in a judgment, is an order rather than a final judgment.

46 Am. Jur. 2d Judgments § 4 (internal citations omitted).

¶18 Stated more succinctly, "a judgment is an order, but an order is not necessarily a judgment." *Centennial Ins. Co. v. Life Bank*, 953 So. 2d 1, 4 (Fla. Dist. Ct. App. 2006) (internal quotations omitted). Here, the District Court's order dismissing the State's first petition to revoke was just that, an order. Zielie's argument that the District Court issued a judgment dismissing her case is mistaken, because that theory would require the District Court to issue a judgment beyond its authority, which would make it void.

¶19 The District Court's authority to dismiss or modify a suspended sentence derives only from statutory authorization. "This Court has repeatedly held that 'once a valid sentence has been pronounced, the court imposing the same is lacking in jurisdiction to vacate or modify the sentence, except as provided by statute . . . .'" *Dahlman v. Dist. Court, Seventeenth Jud. Dist.*, 215 Mont. 470, 472, 698 P.2d 423, 425 (1985) (citing *State v. Porter*, 143 Mont. 528, 540, 391 P.2d 704, 711 (1964)); *accord State v. George*, 224 Mont. 495, 496, 730 P.2d 412, 413 (1986); *State v. Baker*, 1999 MT 251, ¶ 14, 296 Mont. 253, 989 P.2d 335; *In re Arledge*, 232 Mont. 450, 451, 756 P.2d 1169, 1170

8

(1988). "[N]o provision of law allows a court to vacate a conviction simply upon the motion of the defendant." *State v. Howard*, 282 Mont. 522, 524, 938 P.2d 710, 711 (1997).

¶20 On September 13, 2019, the District Court entered a judgment and imposed a valid sentence on Zielie. Once the sentence was imposed, the court's authority to modify her sentence was limited by statute. The statute "particularly and expressly" governing a sentence revocation proceeding is § 46-18-203, MCA. *State v. Osborn*, 2015 MT 48, ¶ 13, 378 Mont. 244, 343 P.3d 1188. Because the State's disputed petition to revoke was filed in March 2021, the 2019 version of the statute applies. *See* § 46-18-203(12), MCA (2019). To that statute, we now turn.

¶21 The 2019 statute distinguishes between a compliance and non-compliance probation violation. Section 46-18-203(11)(b), MCA (2019). Zielie's alleged infractions in the March 2021 petition included both types, so the more serious non-compliance violation—absconding from supervision—governed the court's authority to address her sentence and conditions. The statute provides a range of options if the "judge finds that the offender has violated the terms and conditions of the suspended or deferred sentence and the violation is not a compliance violation," to include:

> (i) continue the suspended or deferred sentence without a change in conditions;
> (ii) continue the suspended sentence with modified or additional terms and conditions, [or]
>
> .  .  .
>
> (iii) revoke the suspension of sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence . . . .

9

Section 46-18-203(7)(a), MCA (2019) (subsection (iv) dealing with deferred sentences omitted).

¶22 The statute authorized the District Court to modify the suspended sentence, but only after doing the following:

> (1) finding, by preponderance of evidence, that Zielie violated the terms and conditions of her suspended sentence via a non-compliance violation;
>
> (2) revoking Zielie's previously suspended sentence; and
>
> (3) requiring Zielie to serve either the original sentence or any sentence that could have originally been imposed without imposing a longer imprisonment or term of commitment than the original sentence.

Section 46-18-203(7), MCA (2019).

¶23 The District Court did none of these things. Instead, the probation revocation proceeding was cut short by the State's motion to dismiss. In that regard, the District Court's authority was again governed by the statute. "If the judge finds that the prosecution has not proved, by a preponderance of the evidence, that there has been a violation of the terms and conditions of the suspended or deferred sentence, *the petition must be dismissed* and the offender, if in custody, must be immediately released." Section 46-18-203(9), MCA (2019) (emphasis added). That was the sum total of the District Court's authority when the State filed a motion to dismiss and declined to prove Zielie had violated her previously suspended sentence. The District Court could have only dismissed the petition, quashed the warrant, and released her to resume supervision by her probation officer. The

District Court did not have the authority to dismiss the remainder of Zielie's sentence without first revoking her previously imposed sentence.[2]

¶24 We therefore hold the District Court only had authority to dismiss Zielie's petition to revoke, not to dismiss the remainder of her sentence. To the extent the order purported to or was interpreted to exceed that statutory authority, that portion of the order is void. "A court exceeds its jurisdiction through acts which exceed the defined powers of a court, whether that power be defined by constitutional provisions, express statutes or rules developed by the courts." *Green v. Gerber*, 2013 MT 35, ¶ 12, 369 Mont. 20, 303 P.3d 729; *accord Sw. Montana Bldg. Indus. Ass'n*, ¶ 21. When an order exceeds the court's authority, that extra-legal portion of the order is void. *State ex rel. Vaughn v. Dist. Ct. of Fifth Jud. Dist. in & for Madison Cnty.*, 111 Mont. 552, 556, 111 P.2d 810, 811 (1941); *see also Hughes v. Salo*, 203 Mont. 52, 59, 659 P.2d 270, 274 (1983) (extra-legal orders "*are not voidable, but simply void.*") (quoting *Barnes v. Montana Lumber and Hardware, Co.*, 67 Mont. 481, 487, 216 P. 335, 337 (1923) (emphasis in original); *United States ex. rel. Wilson v. Walker*, 109 U.S. 258, 266, 3 S. Ct. 277, 283 (1883) ("so much of the decree of the district court as was in excess of its powers was void") (citing *Bigelow v. Forrest*, 9 Wall. 339, 351 (1869)). Upon review of such an order exceeding the court's authority,

---

[2] The State correctly argues there is another procedure whereby Zielie could have obtained a conditional discharge from supervision leading ultimately to an early discharge of her suspended sentence. Section 46-18-208(1)(b), MCA. But since that sequence of events never occurred here, we need not address it.

11

the court may lop off "a dead limb on the judicial tree." *Andrisani v. Saugus Colony Ltd.*, 8 Cal. App. 4th 517, 523, 10 Cal. Rptr. 2d 444, 448 (1992) (citations omitted).[3]

¶25 Having determined the District Court's order of dismissal was in error, the parties disagree over what to do about it. Zielie argues the District Court's order of dismissal was a final adjudication of her case, and once entered, the District Court lost jurisdiction over her case. She has conflated the District Court's authority to dismiss an Information at the pretrial stage with its statutorily-limited authority to dismiss a petition to revoke in a post judgment proceeding.

¶26 During a revocation proceeding, the judge does not make a final adjudication of guilt or innocence. This Court has acknowledged "a revocation hearing is not a criminal trial . . . since there is no adjudication of guilt or innocence." *State v. Lange*, 237 Mont. 486, 489, 775 P.2d 213, 215 (1989) (citation omitted). "Revocation proceedings are civil matters and fundamentally differ from underlying criminal conviction statutes." *State v. Souther*, 2022 MT 203, ¶ 9, 410 Mont. 330, 519 P.3d 1. Rather, the judge is exercising supervising authority over the execution of a defendant's previously imposed final adjudication. *See State v. Boulton*, 2006 MT 170, ¶ 16, 332 Mont. 538, 140 P.3d 482. This fundamentally differs from the "dismissal with prejudice" cases Zielie cites in her briefing, where an information was dismissed with prejudice. *See Torres*, 265 Mont. at 449, 877 P.2d at 1010 (holding "that the District Court was without jurisdiction to rescind its

---

[3] California permits the court which issued the void order to nullify it in certain circumstances. *People v. W. Coast Shows, Inc.*, 10 Cal. App. 3d 462, 467, 89 Cal. Rptr. 290, 294 (1970). We follow the rule that a court may correct its own clerical, but not judicial, errors.

order dismissing the information with prejudice"); *State v. Onstad*, 234 Mont. 487, 490, 764 P.2d 473, 475 (1988) (holding that once an information was dismissed with prejudice, the "conviction and sentence under the reinstated information is invalid").

¶27 The State argues the District Court had authority to amend its dismissal order by correcting the judgment under § 46-18-116(3), MCA. But having determined the District Court's order dismissing the State's first petition was not a final judgment and sentence, we conclude the District Court cannot rely upon § 46-18-116(3), MCA, to correct a factually incorrect sentence or judgment.

¶28 The next question is whether the District Court had any authority to correct the dismissal order as a clerical error, rather than a judicial error. Courts have the "inherent authority to correct clerical errors." *State v. Lane*, 1998 MT 76, ¶¶ 45–46, 288 Mont. 286, 957 P.2d 9. "Clerical mistakes and errors are those errors which misrepresent the court's original intention." *In re Marriage of Schoenthal*, 2005 MT 24, ¶ 19, 326 Mont. 15, 106 P.3d 1162.

¶29 Conversely, the law does not permit a court to correct its own "judicial errors," i.e., its errors in judgment. *See State v. Damon*, 2025 MT 12, ¶ 9, 420 Mont. 225, 562 P.3d 1061 (Section 46-18-116, MCA, may not be used "as a means to revise" a court's "adjudications"). A district court may not "exercis[e] a revisory or appellate power over its own decisions." *State v. Megard*, 2006 MT 84, ¶ 20, 332 Mont. 27, 134 P.3d 90. Therefore, a court cannot reverse its orders under the guise of correcting a "clerical" error. *Torres*, 265 Mont. at 453, 877 P.2d at 1012–13 (citing *Onstad*, 234 Mont. at 490, 764 P.2d at 475). Instead, the proper remedy for an alleged judicial error is a timely appeal. *Torres*,

13

265 Mont. at 453, 877 P.2d at 1013; *see also State v. Child*, 2009 MT 148, ¶¶ 4–11, 350 Mont. 369, 207 P.3d 339.

¶30     We explained in *In re Marriage of Schoenthal*:

> The authority of a court to amend its record by a nunc pro tunc order is to make it speak the truth, but not to make it speak what it did not speak but ought to have spoken . . . Errors into which the court itself falls can be corrected only by motion for a new trial or by appeal.

*In re Marriage of Schoenthal*, ¶ 19 (citations omitted).

¶31     Whether the order in question presents a clerical error or judicial error is not readily apparent on its face. Changing a single word—"case" to "petition"—would have provided clarity to the parties and rendered this appeal unnecessary. Was that a clerical error because the deputy county attorney drafted it incorrectly and the court found it originally intended to dismiss only the petition? Or was it a judicial error because it affected the substantive rights of the defendant? Upon review of our case law, we determine it was the former.

¶32     An example of a clerical error properly corrected by a district court is found in *State ex rel. Kruletz v. District Court of Fifth Jud. Dist. In and for Beaverhead County*, 110 Mont. 36, 98 P.2d 883 (1940) [hereinafter *Kruletz*]. While deciding the severance of a water right and allocation of flow rate between two parties, the district court's judgment, rendered on June 30, 1894, erroneously listed the water right's priority date as October 15, 1884, when the correct priority date was actually May 1, 1882. *Kruletz*, 110 Mont. at 37, 98 P.2d at 884. The priority date was not disputed in the suit by either party; the dispute was over the division of water flow rate between the two co-owners. *Kruletz*, 110 Mont. at 38, 98 P.2d at 884. However, no one discovered the order's erroneous priority date until

14

1939. *Kruletz*, 110 Mont. at 39, 98 P.2d at 885. One of the water right owners applied for a nunc pro tunc order correcting the priority date, which the district court granted. *Kruletz*, 110 Mont. at 39, 98 P.2d at 885. The Supreme Court affirmed the district court's action, because it corrected a factual discrepancy which had crept into the record, it did not actually change the effective priority date of the water right (which was determined by the original water decree), and it did not affect the substantive rights of the water right co-owner, because they shared the same priority date. *Kruletz*, 110 Mont. at 40–41, 98 P.2d at 885–886.

¶33    Judicial errors, however, arise from a court attempting to correct an error generally implicating disputed matters in the case, modifying remedies available to the parties, changing the effect of already-issued orders, or impacting the substantive rights of the parties. *See Child*, ¶ 18 (district court erroneously reversing a dismissal order) (Nelson, J., specially concurring); *Torres*, 265 Mont. at 453, 877 P.2d at 1012–13 (same); *Marriage of Schoenthal*, ¶¶ 20, 27, 30 (affirming a district court denial of correction under M. R. Civ. P. 60(a) and (b), because the party sought a revision of findings, not correction of an error); *Megard*, ¶¶ 20–21, (reversing a district court modifying a judgment to reduce credit for time served, not to correct a factual error in the credit).

¶34    Here, there was no dispute about the meaning of the order when it was issued on May 3, 2021. The State's purpose in dismissing the original petition was to return Zielie to probation supervision, serving out the remainder of her suspended sentence. Zielie initially did so. Her failure to comply with probation and her sporadic subsequent attendance in court were not due to her belief she was exempt from the court's jurisdiction,

15

but because she was engaging in criminal conduct, suffering chemical dependency relapses, and generally failing in her probation obligations. The District Court certainly understood it retained jurisdiction over Zielie, and correctly perceived the original dismissal order did not erase her lawfully-imposed sentence. This case is similar to *Kruletz*, where the parties were unaware for many years of the court's incorrect entry of the water right priority date, and no party at the time claimed the clerical error should govern the parties' future legal rights and obligations. The District Court therefore had authority to correct its clerical error dismissing the original petition to revoke.

¶35 The statute governing revocation proceedings only permitted the District Court to dismiss the State's petition and restore Zielie to her pre-petition status: serving her previously imposed sentence. The District Court had jurisdiction to act upon the State's second petition to revoke, alleging new sentence violations, filed a month later. We affirm the District Court's order denying Zielie's motion to dismiss and correcting its clerical error.

¶36 *Issue Two: Whether Zielie is entitled to 66 days of credit for time she served prior to her original sentence.*

¶37 Zielie argues, and the State concedes, that Zielie is entitled to an additional 66 days credit for her time spent in jail from March 26, 2019, to May 30, 2019. Therefore, we remand the case to the District Court, for the District Court to issue an amended disposition order granting an additional 66 days of credit for time served.

16

**CONCLUSION**

¶38     The District Court is affirmed in part, and reversed in part, and we remand the case

for resentencing consistent with this Opinion.


                                        /S/ CORY J. SWANSON


We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M BIDEGARAY
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE